Judge Owsley
delivered the Opinion bf the Court.
To recover the possession of a tract of land, William Chiles brought an action of ejectment in the Montgomery circuit court, against Thomas L. Patterson, &c. and finally recovered judgment for the land.
Whilst the ejectment brought hy Chiles was pending, Patterson, by Triplett his attorney, commenced another action of ejectment, for the same land, against the same persons who were defendants to the action of Chiles. This latter action was brought in the name of the heirs of George Mayo, dec’d, but was commenced by Patterson, and his attorney, in their names, without their knowledge or consent, and by the consent of Patterson and other tenants in possession, after they were made defendants, judgment was rendered against them for the land, in favor of the heirs of Mayo.
Upon this judgment a writ of habere facias possessionem issued, and in pursuance of an endorsement made thereon, by the attorney, the possession of the land was delivered by the sheriff to Patterson, and a return thereof made by the sheriff upon the writ. This was all done whilst the ejectment, brought by Chiles, was pending in court, and before judgment was recovered by him.
Patterson moves for restitution, but is repelled — see Mayo c&c. vs. Chiles, 1 Lit-tell’s It, 237.
Chiles’ bill to enjoin Triplett &c. front suing out other writs of possession on their judg, ment — decreed according.
Judgment thus obtained by the attorney of the tertenants against themselves, by the unauthorized use of (he names of lessors, to defeat the execution., of an ejectment then pending againgt the tenants, is nought, as a*gainst the lossorsin the. other suit, in both law and equity.
After Chiles succeeded in obtaining judgment, he caused a writ of habere facias possessionem to issue thereon, and the same was executed by the sheriff delivering him the possession.
Patterson subsequently moved the court for restitution of the possession against Chiles. In that mo tion the preceding facts were proved to the' court, and an attempt was made on thepart of Patterson to protect himself against the judgment of Chiies and the writ of habere facias possessionem which issued thereon, by drawing to his aid the title of Mayo, and the judgment confessed by him in Mayo’s action, and the execution which issued thereon. But 'theattempt wag unavailing, and the motion for restitution overruled.
Some time after this, Chiles was informed that Patterson, together with Triplett and Farrow, (both of whom claim an interest in the claim of Mayo,) had ordered, or was about to order, another writ of habere facias possessionem to issue upon the judgment rendered in the action of Mayo, for the purpose of dispossessing him of the land, exhibited his bill in chancery, with injunction against the heirs of Mayo, Patterson, Triplett and Farrow, and finally obtained a decree perpetually enjoining them from causing execution to issue upon the judgment rendered in favour of the heirs of Mayo, &c.
To reverse that decree Mayo, &c. have brought the case before this court.
The possession of Chiles most indisputably should not be disturbed through the medium of any writ of possession issuing upon the judgment rendered in the action of ejectment brought in the name of Mayo.
It became necessary to speak of the effect of that judgment when the cáse ofPafterson, upon his application for restitution against Chiles, was presented before this court for adjudication, and by adverting to the opinion then pronounced, it will be discovered to have been our opinion, that, under t!ic circumstances attending the prosecution of the ejectment in the name of Mayo, neither, the judgment therein rendered, nor the writ of possession that issued thereon; formed any legal obstruction to Chiles *260 being put into the possession of the land under his judgment against Patterson, and of the correctness ¿f that opinion we still entertain no doubt. The ejectment, though in the name of Mayo, as it was, not brought either by his advisement or consent, but through the unauthorised and officious conduct of Patterson, without affording to Chiles the means of defence, deserves the reprobation and condemnation due to all judgments when obtained by the artifice or fraud of a party, and should not receive countenance either in a court of law or equity,
j[n such case, equity wo'ilci take cognisance to enjoin process Oil the fraudvilont judgment if necessary, but it is ROt*
After a habere facias has has been returned executed, no other can issue without a special order of the court; and bore the decision against the motion for restitution is conclusive against such an order ever afterwards being made.
Decree reversed, only because if was unoeeps» «ary.
Triplett for plaintiffs,* TrimUe and Hanson for defendants.
Were if, therefore, necessary for Chiles, to have the aid of a court of equity to protect him against that judgment, we should have no hesitation in saying that the court below was., correct in taking cognisance of the cause, and decreeing ? perpetual injunction.
But it is apparent from the record of tiiis case that, without tiie aid of a court of equity, Chiles is in no danger of being disturbed in bis possession by the judgment, or any process which can issue thereon.
The possession has been delivered to him under bis judgment, and notwithstanding Patterson then claimed to hold the possession, under the judgment and execution in the name of Mayo, it has already been decided that restitution cannot be awarded, and aa the writ of possession has once issued upon the judgment in the name of Mayo, and as that writ has been executed and returned to the office from whence it emcñaícd, it is perfectly clear that no subsequent writ can again issue upon the judgment,* at least, it cannot issue without the special order o,f the court; and after the decision of this court, in condemnation of the judgment.and against the right of Patterson to restitution, such an order should never be awarded.
The dpcréé must, therefore, .be reversed with cost, the cause remanded to the court below, and the bill dismissed with cost.